283 F.3d 73
 JOHN STREET LEASEHOLD, LLC, Plaintiff-Appellant,
v.
CAPITAL MANAGEMENT RESOURCES, L.P., Federal Deposit Insurance Corporation in its corporate capacity, Federal Deposit Insurance Corporation in its capacity as receiver, et al., Defendants-Appellees.
 Docket No. 01-6096.
 United States Court of Appeals, Second Circuit.
 Argued January 17, 2002.
 Decided February 13, 2002.
 
 Richard C. Stein, New York, NY, for Plaintiff-Appellant.
 Wendy H. Schwartz, Assistant United States Attorney (Gideon A. Schor, Assistant United States Attorney, of counsel, Mary Jo White, United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York for Defendants-Appellees Federal Deposit Insurance Corporation (Corporate), Frank Campagna and Michael Anderson.
 Colleen J. Boles, Acting Assistant General Counsel (Kathryn R. Norcross, Counsel, on the brief), Federal Deposit Insurance Corporation, Washington, D.C. for Defendants-Appellees Federal Deposit Insurance Corporation (Receiver), Capital Management Resources, L.P. et al.
 Before OAKES, VAN GRAAFEILAND, and CABRANES, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant appeals from a judgment entered by the United States District Court for the Southern District of New York (John G. Koeltl, Judge) granting summary judgment to defendants on the grounds (1) that plaintiff's lawsuit was precluded by principles of res judicata; (2) that plaintiff did not establish spoliation; (3) that statute of limitations barred plaintiff's claim; (4) that plaintiff was not denied equal protection or due process; (5) that plaintiff was not entitled to a continuance to conduct further discovery.
 
 
 2
 * Plaintiff John Street Leasehold, LLC ("John Street") possessed a leasehold interest on a property located at 127 John Street in New York City. A syndicated loan of $20,300,000 was secured by a mortgage on the property. In 1992, one of the banks with interests in the loan was closed, and the defendant Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver for the bank. See 12 U.S.C. § 1818. As part of its duties as receiver, the FDIC assumed responsibility for the management of the failed bank's assets and assigned the task to a number of asset management companies.
 
 
 3
 On April 15, 1993, John Street defaulted on its mortgage interest payments. Capital Management Resources ("CMR"), one of the companies appointed by the FDIC to manage the failed bank's assets, notified John Street that it would consider "bring[ing] the [l]oan current" if default was not cured. Non FDIC Defendants' 56.1 Stmt. ¶ 73. John Street's loan remained in default, even after this notice, and CMR recommended to the FDIC that it foreclose on the property. The FDIC agreed, and foreclosure proceedings were commenced in late 1993 in New York state court. On December 9, 1993, John Street filed for bankruptcy under Chapter 11.
 
 
 4
 John Street filed an action in 1995 against the FDIC, as receiver and in its corporate capacity, for breach of contract, fraud, negligent misrepresentation, and breach of an implied covenant of good faith and fair dealing. John Street claimed that the FDIC had breached an alleged oral agreement not to foreclose. John Street Leasehold LLC v. Federal Deposit Ins. Corp., No. 95-10174, 1996 WL 737196, at *1 (S.D.N.Y. Dec. 24, 1996) ("John Street I"). The District Court granted summary judgment to the FDIC on all claims, John Street I; John Street Leasehold LLC v. Federal Deposit Ins. Corp., No. 95-10174, 1998 WL 411328, at *1 (S.D.N.Y. July 22, 1998), and the Court of Appeals affirmed the judgment, John Street Leasehold, LLC v. Federal Deposit Ins. Corp., 196 F.3d 379 (2d Cir.1999).
 
 II
 
 5
 In this second action, John Street claims (1) that non-FDIC defendants CMR, et al. tortiously injured John Street by seeking to foreclose on the property located at 127 John Street; (2) that in seeking to foreclose on the property, non-FDIC defendants made false statements to persuade the FDIC that foreclosure was the best alternative; (3) that non-FDIC defendants acted in their own interest in refusing to negotiate with John Street to avoid foreclosure; (4) that CMR and other individuals acted maliciously in their own monetary interest and injured John Street; (5) that two employees of the FDIC and non-FDIC defendants violated John Street's due process and equal protection rights under the Fifth Amendment; and (6) that the FDIC is liable for the alleged torts caused by the non-FDIC defendants.
 
 
 6
 In an Opinion and Order entered on April 5, 2001, the District Court granted summary judgment in favor of defendants on all of John Street's claims. John Street Leasehold, LLC v. Capital Management Resources, 154 F.Supp.2d 527 (S.D.N.Y. 2001) ("John Street II"). The District Court concluded that principles of res judicata precluded the lawsuit because John Street's allegations are "co-terminus as to time, space, origin and effect, [and] many of the critical supporting allegations are identical." John Street II at 539 (emphasis added). In addition, the District Court held that John Street's claims in John Street II "would have been a convenient trial unit with the allegations in John Street I. The witnesses and the evidence to the activities in both cases and the evidence would be substantially the same." Id. The District Court also concluded that the parties would have expected that the suit would have been treated as a "trial unit." Id. We agree that principles of res judicata apply for the reasons stated by the District Court. Id. at 538-540.
 
 
 7
 The District Court correctly concluded that John Street's claims against FDIC employees and against non-FDIC defendants were barred by principles of res judicata because those persons were in privity with the defendants in the prior action. Id. at 542. We agree with the District Court that John Street's argument that the conduct of FDIC employees and non-FDIC defendants was outside the scope of their agency is frivolous and that there is no evidence that either FDIC employees or non-FDIC defendants acted outside the scope of their agency. Id at 542-543, 544.
 
 
 8
 We reject John Street's argument that this Court should remand the case to the District Court and allow John Street to proceed against non-FDIC defendants on a Fifth Amendment Bivens claim under the authority of our decision in Malesko v. Correctional Services Corporation, 229 F.3d 374 (2d Cir.2000), which, as it happens, was reversed by the Supreme Court, Correctional Services Corporation v. Malesko, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) (concluding that Bivens action could not be brought against a private prison services corporation contracted by the government), after the briefs in this case had been submitted. The District Court correctly concluded that "based on the statute of limitations and underlying merits, there is no sustainable Bivens action based on the facts of this case against any of the defendants, whether they be federal actors or private actors acting as agents for the FDIC." John Street II at 550 (emphasis added).
 
 
 9
 With respect to all of John Street's remaining claims, we agree with the conclusions of the District Court substantially for the reasons stated in Judge Koeltl's opinion in John Street II, including all of John Street's claims based on defendants' alleged spoliation. The District Court found that John Street "has not shown any misconduct or the destruction of any documents." Id. at 541 n. 3. We agree with the conclusions of the District Court.
 
 III
 
 10
 For the foregoing reasons, and for the reasons stated in the careful and thorough opinion of Judge Koeltl, the judgment of the District Court is affirmed.